1  Shannon B. Nakabayashi (State Bar No. 215469)
2  Hardev S. Chhokar (State Bar No. 311802)
   JACKSON LEWIS P.C.
3  50 California Street, 9th Floor
   San Francisco, California 94111-4615
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5  E-mail:  Shannon.Nakabayashi@jacksonlewis.com
   E-mail:  Hardev.Chhokar@jacksonlewis.com

6  Attorneys for Defendant
7  ODYSSEY HEALTHCARE OPERATING A, L.P.

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 | LESLIE OLIVARES, as an individual   | Case No. **'20 CV 2381 GPC DEB**
12 | and on behalf of all others similarly |
   | situated, and as a private attorney  |
13 | general,                             | **DEFENDANT ODYSSEY**
   |                                      | **HEALTHCARE OPERATING A,**
14 |              Plaintiff,              | **L.P.'S NOTICE OF REMOVAL**
   |                                      |
15 |         v.                          | **[28 U.S.C. §§ 1332, 1441, 1446]**
16 | ODYSSEY HEALTHCARE               |
   | OPERATING A, L.P., a Delaware    |
17 | limited partnership; and DOES 1  |
   | through 50, inclusive,           | Complaint Filed:   10/28/2020
18 |                                  | Trial Date:        Not set
   |              Defendants.         |
19
20

21 **TO THE CLERK OF THE U. S. DISTRICT COURT FOR THE SOUTHERN**

22 **DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF**

23 **RECORD**:

24     PLEASE TAKE NOTICE that Defendant Odyssey Healthcare Operating A,

25 L.P. ("Defendant") removes the above-entitled action to this Court from the Superior

26 Court of the State of California, County of San Diego pursuant to 28 U.S.C. § 1441.

27 Defendant invokes this Court's original jurisdiction under 28 U.S.C. § 1332(d) (the

28 Class Action Fairness Act).  Defendant submits this Notice of Removal without

waiving any defenses to the claims asserted by Plaintiff Leslie Olivares ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted. This removal is based on the following grounds:

## PROCEDURAL BACKGROUND

1.     On October 28, 2020, Plaintiff Leslie Olivares filed a class action Complaint in the Superior Court of the State of California, County of San Diego, titled *Oliveras v. Odyssey Healthcare Operating A, L.P.*, Case No. 37-2020-00039092-CU-OE-CTL. Odyssey was served with the Complaint on November 5, 2020. (Declaration of Keith Jewell ("Jewell Decl."), ¶ 3.) A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A.** (Declaration of Shannon Nakabayashi ("Nakabayashi Decl."), ¶ 3, Exh. A (Complaint).)

2.     On December 3, 2020, Defendant filed an Answer to the Complaint in the Superior Court of the State of California, County of San Diego. A true and correct copy of Defendant's Answer is attached to this Notice of Removal as **Exhibit B.** (Nakabayashi Decl, ¶ 4, Exh. B (Answer).) Exhibits A and B constitute all the pleadings that have been filed or served in this action as of the date of the filing of this Notice of Removal. (*Id.*, ¶ 5.)

## REMOVAL IS TIMELY

3.     Plaintiff served Defendant with the Complaint on November 5, 2020. (Jewell Decl., ¶ 3.) This Notice of Removal is timely under 28 U.S.C. §§ 1446(b) and 1453. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## NOTICE

4.     Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of San Diego, as required by 28 U.S.C. § 1446(d).

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.

## **PLAINTIFF'S ALLEGATIONS**

5.     Plaintiff is a former non-exempt employee of Defendant and "regularly worked more than eight hours in a workday and 40 hours in a workweek." (Exh. A (Complaint), ¶ 9.)  Plaintiff regularly earned non-discretionary renumeration in addition to her base hourly wages, including on-call pay. (*Id*.)

6.     Plaintiff alleges that Defendant "routinely fail[s] to pay sick pay at the regular rate of pay and routinely fail[s] to pay all overtime at one-and-one-half times (and double-time wages at two times) the regular rate of pay." (Exh. A, ¶ 3.) "Specifically, Plaintiff and other non-exempt employees earn non-discretionary remuneration in addition to their base hourly wages that Defendant's fail to consider when calculating Plaintiff and other non-exempt employees' regular rates of pay." (*Id*.)

7.     Plaintiff claims that this miscalculation of the regular rate of pay resulted in unpaid sick pay and unpaid overtime. (Exh. A, ¶ 3.)  She further claims that Defendant unlawfully paid only straight time for double overtime worked: "Moreover, based on Defendant's wage statements, Defendants do not even pay two times a miscalculated regular rate of pay for double-time wages and **instead pay straight-time wages only for double-time work**." (*Id*.) (Emphasis added.) As a result, Plaintiff seeks unpaid wages on behalf of herself and other similarly situated individuals. (*Id*., ¶¶ 3, 25-30, 31-35, Prayer for Relief ¶¶ 4, 5.)

8.     Plaintiff claims that these unpaid wages were "neither timely paid during employment nor timely paid upon termination" in violation of California Labor Code §§ 201-204. (Exh. A, ¶¶ 3, 34.)  As a result, she requests recovery of waiting time penalties under California Labor Code § 203. (Exh. A, ¶ 34, Prayer for Relief ¶¶ 4, 5.)

9.     Plaintiff also claims that Defendant violated California Labor Code § 226(a) by failing to provide her and similarly situated individuals itemized wage statements that accurately showed hourly rates, gross wages earned, and net wages

1   earned, including sick pay, overtime, and double-time wages. (Exh. A, ¶¶ 36-39.)

2   Accordingly, she requests penalties, attorneys' fees, and costs of suit pursuant to

3   California Labor Code § 226. (*Id*., ¶ 39, Prayer for Relief ¶ 6.)

4        10.    Plaintiff defines and seeks certification of multiple subclasses that

5   include "all current and former non-exempt employees of Defendant in the State of

6   California" from May 2, 2016 to the present (i) who were paid sick pay in

7   workweeks in which they earned on-call pay or other non-discretionary

8   renumeration in addition to their base hourly ("Sick Pay Class"); (ii) who were paid

9   overtime or double-time wages in workweeks in which they earned on-call pay or

10  other non-discretionary renumeration in addition to their base hourly wages

11  ("Overtime Class"); and (iii) who were paid double overtime wages ("Double-Time

12  Class").  Plaintiff also seeks certification of all current and former non-exempt

13  employees of Defendant in the State of California from May 2, 2019 to the present,

14  "who were paid sick pay, overtime, or double-time wages in workweeks in which

15  they earned on-call pay or other non-discretionary renumeration in addition to their

16  hourly wages ("Wage Statement Class")." (Exh. A, ¶ 15.)  These subclasses are

17  herein collectively referred to as the "**Putative Class**."

18       11.    Based on the foregoing, Plaintiff asserts five causes of action: (1)

19  failure to pay sick pay on behalf of herself and the Sick Pay Class; (2) failure to pay

20  overtime and double overtime on behalf of herself and the Overtime Class and

21  Double-Time Class; (3) failure to provide accurate, itemized wage statements on

22  behalf of herself and the Wage Statement Class; (4) violation of California's Unfair

23  Competition Law under California Business and Professions Code § 17200, *et seq*.

24  (the **"UCL Claim"**) on behalf of herself and the Putative Class; and (5) a

25  representative action for the foregoing wage-and-hour violations under the Private

26  Attorneys General Act of 2004 (the **"PAGA Claim"**). (Exh. A.)

27       12.    In her Complaint, Plaintiff seeks damages, restitution, penalties, and

28  other relief pursuant to the California Business and Professions Code § 17200, *et*

*seq.* and the California Labor Code, including but not limited to, waiting time penalties under California Labor Code § 203. (Exh. A, ¶¶ 24, 30, 34-35, 39, 43, 48, Prayer for Relief, ¶¶ 1-10.)

## THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

13.    Plaintiff brings this action as a putative class action.  Removal based upon the Class Action Fairness Act ("**CAFA**") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 because (1) the aggregate number of putative class members in all proposed classes is 100 or greater; (2) diversity of citizenship exists between at least one putative class member and the named defendant in this matter; and (3) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2). 1332(d)(5)(B), 1453; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010).  Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the classes, she purports to represent are entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

## There Are At Least 100 Putative Class Members in All Proposed Classes

14.    To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100.  28 U.S.C. §§ 1332(d)(5)(B); *United Steel*, 602 F.3d at 1090, n.2.

15.    There are approximately 376 former and current non-exempt employees who worked for Defendant in California from May 6, 2016 to August 1, 2020, who earned non-discretionary remuneration, including on-call pay.  (Jewell Decl., ¶ 6.)  These employees are part of the Putative Class that Plaintiff seeks to certify.  Accordingly, there are at least 100 putative class members in all of the proposed classes alleged in this action.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.

## **Minimal Diversity of Citizenship Exists**

### Plaintiff Leslie Olivares

16.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists – that is, that one putative class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(A) (under CAFA's minimal diversity requirements, diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *United Steel,* 602 F.3d at 1090–91 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

17.    "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v. Allstate Ins. Co*., 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001)).   For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  A party's residence is *prima facie* evidence of his or her domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 513, 520 (10th Cir. 1994).

18.    Plaintiff is domiciled in California because, on information and belief, she resides in Temecula, California, as evidenced by the address listed on her pay statements and her latest tax forms, and in San Diego, California, as evidenced by the address she included on her employment forms in her personnel file. (Jewell Decl., ¶ 5).  Plaintiff also worked for Defendant in San Diego, California from May 2013 to January 2020.  (Exh. A, ¶¶ 8, 9; Jewell Decl., ¶ 5.) Moreover, Plaintiff has brought claims on behalf of putative class members residing in California. (Exh. A, ¶ 15 ("all current and former non-exempt employees of Defendant in the State of California since May 2, 2016").) Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.

Defendant Odyssey Healthcare Operating A, L.P.

19.    For minimum diversity purposes, CAFA provides that an unincorporated association is a citizen of the state where it has its principal place of business and under whose laws it is organized. 28 U.S.C. §§ 1332(d)(10).  *See Lafountain v. Meridian Senior Living,* No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist. LEXIS 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 705 (4th Cir. 2010) (under CAFA, an LLC is a citizen of the State under whose laws it is organized and the State where it has its principal place of business); *Marroquin v. Wells Fargo, LLC*, No. 11-CV-163-L-BLM, 2011 U.S. Dist. LEXIS 10510, 2011 WL 476540 (S.D. Cal. Feb. 3, 2011) (applying *Ferrell* to find that minimum diversity existed).

20.    Defendant Odyssey Healthcare Operating A, L.P. is a limited partnership organized under the laws of Delaware and with its principal place of business and headquarters in Atlanta, Georgia.  (Jewell Decl., ¶ 4.)  Therefore, Defendant is a citizen of Delaware and Georgia.

21.    Accordingly, at least one member of the putative class is a citizen of a state different from the named defendant; Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Georgia for purposes of determining diversity. As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

**The Amount in Controversy Exceeds $5,000,000**

22.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum.  *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013).  Because Plaintiff has not expressly pled a specific amount of damages, a

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.

removing party need only show that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997).

23.    Defendant's burden to establish the amount in controversy is the preponderance of the evidence standard. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014). *See also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109–14, at 42 (2005) (citation omitted).

24.    A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda v. Gucci America, Inc.*, Case No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.,* Case No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. U.S. LEXIS 55667, at *5 (C.D. Cal. Apr. 28, 2015). ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transport. Inc*., 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by plaintiff's Complaint,

not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation omitted).

25.    Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs., Inc.,* Case No. 2:14-cv-08424-ODW (MRW), 2015 U.S. Dist. LEXIS 7442, at *4–5 (C.D. Cal. Jan. 22, 2015).  However, as detailed below, Defendant has both plausibly alleged and established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA.

26.    Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the classes she seeks to represent are entitled to any relief, Plaintiff's allegations have more likely than not put into controversy an amount that exceeds the $5,000,000 threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

Plaintiff's Claim for Unpaid Wages Puts **$2,435,937.30** in Controversy

27.    Plaintiff claims that Defendant's alleged miscalculation of the regular rate of pay resulted in unpaid sick pay and unpaid overtime. (Exh. A, ¶ 3.)  However, she also claims that Defendant unlawfully paid only straight time for double overtime worked: "Moreover, based on Defendant's wage statements, Defendants do not even pay two times a miscalculated regular rate of pay for double-time wages and instead pay straight-time wages only for double-time work." (*Id.*)  As a result, Plaintiff seeks unpaid wages on behalf of herself and other similarly situated individuals. (*Id.*, ¶ 3, 31-34, Prayer for Relief ¶¶ 4, 5.)

28.    There are approximately 376 former and current non-exempt employees who worked for Defendant and who earned non-discretionary pay, such as on-call pay, from May 2, 2016 to August 1, 2020. (Jewell Decl., ¶ 6.) Their average hourly rate is $43.45 per hour based on a payroll analysis of a sample size of these employees' wage records from July 15. 2018 to August 1, 2020 –

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.

approximately half of the class period that Plaintiff seeks to certify in the Complaint. (*Id.*, ¶ 7.)

29.    Based on their start dates and current employment status, these 376 former and current non-exempt employees who worked for Defendant and who earned non-discretionary pay, such as on-call pay, worked approximately a total of 56,063 workweeks from May 2, 2016 to August 1, 2020. Assuming that the 376 putative class members each were conservatively entitled to one hour of pay per week (as a result of Defendant allegedly paying them their regular hourly rate instead of double time for all double overtime hours worked (Exh. A, ¶¶ 3, 33)) at the average hourly rate of $43.45 per hour rate, the amount in controversy would be **$2,435,937.30** ($43.45 per hour x 1 hour per week x 56,063 workweeks).

30.    The amount in controversy for unpaid wages is likely to be greater than **$2,435,937.30** because these calculations do not include unpaid sick pay and unpaid overtime caused by Plaintiff's alleged miscalculation of the regular rate of pay. (*Id.*, *Id.*, ¶¶ 3, 25-30, 31-35, Prayer for Relief ¶¶ 4, 5.)  Furthermore, this data does not consider any putative class members who worked were hired after August 1, 2020.

Plaintiff's Claim for Wage Statement Penalties Puts **$1,581,000.00** in Controversy

31.    Plaintiff also claims that Defendant violated California Labor Code § 226(a) by failing to provide her and similarly situated individuals itemized wage statements that accurately showed hourly rates, gross wages earned, and net wages earned, including sick pay, overtime, and double-time wages. (Exh. A, ¶¶ 36-39.) Accordingly, she requests penalties, attorneys' fees, and costs of suit pursuant to California Labor Code § 226. (*Id.*, ¶ 39, Prayer for Relief ¶ 6.)

32.    Labor Code section 226 provides that an employee can recover the greater of all actual damages or $50 for the initial violation and $100 per pay period for each subsequent violation, up to a maximum penalty of $4,000, plus reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate itemized wage statement.  Cal. Lab. Code § 226(e).  Plaintiff's Complaint

seeks these penalties for each wage statement for each member of the Wage Statement Class. Thus, according to Plaintiff's Complaint, she seeks $50 for the first alleged violation, plus $100 for each subsequent violation for every pay period during the relevant period where she and all putative class members allegedly did not receive an accurate wage statement, subject to a maximum penalty of $4,000 per employee. The statute of limitations for penalties based on inaccurate wage statements is one year from the filing of the complaint. Cal. Code Civ. Proc. § 340.

33.     There are approximately 255 non-exempt employees who worked for Defendant in California and who earned non-discretionary pay, such as on-call pay, from May 2, 2019 to August 1, 2020. (Jewell Decl., ¶ 6.) Defendant paid its employees bi-weekly. (*Id*., ¶ 8.) There are approximately 42 pay periods from May 2, 2019 to the present. Assuming, as Plaintiff's Complaint alleges, a wage statement violation for each employee, each pay period, Plaintiff's claim for wage statement penalties alone places **$1,581,000.00** in wage statement penalties in controversy ([255 employees x $50 per initial violation x 42 initial pay periods] + [255 employees x $100 per subsequent violation * 41 subsequent pay periods]).

<u>Plaintiff's Claim for Waiting Time Penalties Puts **$2,752,992** In Controversy</u>

34.     Plaintiff claims that these unpaid wages were "neither timely paid during employment nor timely paid upon termination" in violation of California Labor Code §§ 201-204. (Exh. A, ¶¶ 3, 34.) As a result, she requests recovery of waiting time penalties under California Labor Code § 203. (Exh. A, ¶ 34, Prayer for Relief ¶¶ 4, 5.)

35.     An employer who willfully fails to timely pay wages to an employee who is discharged or quits, must pay, as a penalty, the "the wages of the employee . . . from the due date thereof. . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203. The statute of limitations for waiting time penalties is three years. Cal. Lab. Code § 203(b); *Pineda v. Bank of Am., N.A*., 50 Cal. 4th 1389, 1395, 1398 (2010).

36.     From May 2, 2017 to August 1, 2020, approximately 264 non-exempt employees working for Defendant in California and who earned non-discretionary pay, such as on-call pay, ended their employment relationship with Defendant. (Jewell Decl., ¶ 6.)  Their average hourly rate is $43.45 per hour based on a sample size payroll analysis of the wage records from all former and current putative class members who worked from July 15. 2018 to August 1, 2020 – approximately two-thirds of the class period.  (*Id.,* ¶ 7.)  Plaintiff's Complaint therefore puts at least **$2,752,992** in waiting time penalties in controversy (30 days x 8 hours per day x $43.45 per hour x 264 employees).

<u>Plaintiff's Request for Attorneys' Fees</u>

37.     Finally, Plaintiff seeks his attorneys' fees and costs.  (Exh. A., Prayer for Relief ¶¶ 8, 15, 26, 43, 48.)  Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

38.     Accordingly, the following is the minimum amount in controversy based on the allegations by Plaintiff:

| CLAIM | AMOUNT IN CONTROVERSY |
|---|---|
| Unpaid Overtime Wages | $2,435,937.30 |
| Inaccurate Wage Statement Penalties | $1,581,000.00 |
| Waiting Time Penalties | $2,752,992.00 |
| **SUBTOTAL** | **($6,769,929.30)** |
| Attorneys' Fees @ 25% | $1,692,482.30 |
| **TOTAL:** | **$8,462,411.60** |

39.     Based on the foregoing, all requirements for removal under CAFA are satisfied here.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.

## SUPPLEMENTAL JURISDICTION

40. Plaintiff alleges that Defendant engaged in unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.* as a result of the conduct alleged above and seeks full restitution of all money withheld, converted or acquired by Defendant. (Exh. A, ¶¶ 40-43.)  Pursuant to California Labor Code §§ 2698 *et seq.*, she also seeks recovery of all applicable civil penalties for Defendant's Labor Code violations against all aggrieved employees from May 2, 2019 to the present. (*Id.*, ¶¶ 44-48.)

41. To the extent any of Plaintiff's claims are not removable under CAFA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction.

## VENUE

42. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  As stated above, Plaintiff brought this action in California Superior Court, County of San Diego.  Thus, venue properly lies in the United States District Court for the Southern District of California.  28 U.S.C. § 1441(a).

## CONCLUSION

43. Based on the foregoing, Defendant requests that this action be removed to this Court.  If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its argument that removal is proper. *Dart Cherokee*, 135 S. Ct. at 554

///

///

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.

1   ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress
2   enacted to facility adjudication of certain class actions in federal court.")
3
4   Dated:  December 7, 2020                JACKSON LEWIS P.C.
5
6                                    By:    s/ Shannon B. Nakabayashi
                                           Attorneys for Defendant
7                                    E-mail: Shannon.Nakabayashi@jacksonlewis.com
8
9
10  4843-3453-7939
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.