**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Simon L. Yang (State Bar No. 260286)
sly@diversitylaw.com
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone:  (213) 488-6555
Facsimile: (213) 488-6554

**POLARIS LAW GROUP**
William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:  (831) 531-4214
Facsimile: (831) 634-0333

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE OLIVARES, as an individual and on behalf of all others similarly situated, and as a private attorney general,<br><br>  Plaintiff,<br><br>  vs.<br><br>ODYSSEY HEALTHCARE OPERATING A, L.P., a Delaware limited partnership; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. 3:20-cv-02381-GPC-DEB<br><br>**JOINT MOTION TO SETTLE PAGA ALLEGATIONS** |

Plaintiff, Leslie Olivares, as a proxy for the State of California, and Defendant, Odyssey Healthcare Operating A, L.P., jointly stipulate and move to settle Plaintiff's representative action claims under the Labor Code Private Attorneys General Act of 2004, Lab. Code § 2698 et seq. ("PAGA") premised on Defendant's alleged failures to pay sick pay at the regular rate of pay.

## I.   Relevant Background

On October 17, 2020, Plaintiff filed her Complaint in the Superior Court of the State of California for the County of San Diego, alleging class action claims and PAGA claims premised on Defendant's alleged failures to pay sick pay at the regular rate of pay, to pay overtime wages at one and one-half times (or double-time wages at two times) the regular rate of pay, and to provide accurate itemized wage statements.

On December 7, 2020, Defendant removed the case to this Court. On February 3, 2021, and again on March 16, 2021, the Parties participated in an Early Neutral Evaluation Conference ("ENE") with Judge Butcher. The Parties were amenable to settling Plaintiff's PAGA claims for sick pay violations but were unable to resolve Plaintiff's individual claims, which Defendant contends would be subject to individual arbitration, and Plaintiff's class allegations, which Defendant contends would be subject to a class action waiver.

As proposed at the March 16, 2021 ENE and subsequently discussed, the Parties agree that disputes regarding Plaintiff's individual and class action allegations should not preclude the prompt settlement of Plaintiff's PAGA claims for sick pay violations.

## II.   Terms of PAGA Settlement

With respect to PAGA claims premised on Defendant's alleged failures to pay overtime wages at one and one-half times (or double-time wages at two times) the regular rate of pay and to provide accurate itemized wage statements, such PAGA claims have already been resolved in connection in *Mallory v. Odyssey Healthcare Operating A, L.P.*, Kern County Superior Court Case No. BCV-19-102735.

The Parties thus jointly move for approval to settle Plaintiff's PAGA claims for sick pay violations only. Defendant has agreed to pay $19,700 to resolve such claims to resolve all claims for PAGA penalties for sick pay violations as alleged in the Complaint and Plaintiff's written notice to the LWDA:

- $6,500, or approximately 33% of the settlement amount, shall be paid to Plaintiff's counsel in satisfaction of attorneys' fees in prosecuting the PAGA claim for sick pay violations.
- $3,350 shall be paid to Plaintiff as an enhancement award.
- $9,850 shall be designated as a PAGA Penalty Fund, 75% of which shall be distributed to the LWDA and 25% of which shall be distributed to aggrieved employees.

Defendant's records show approximately 197 relevant payments of sick pay wages from July 19, 2019, through November 27, 2020. Based on these records, the PAGA Penalty Fund of $9,850 equates to a payment of approximately $50 per alleged sick pay violation and a significant recovery for Plaintiff's PAGA claims for sick pay violations in light of the risks of continued litigation and especially in light of aggrieved employees' additional penalty recoveries in connection with the *Mallory* settlement.

The portion of the PAGA Penalty Fund to be distributed to aggrieved employees shall be allocated to aggrieved employees based on each aggrieved employee's pro rata share of pay periods with relevant payments of sick pay wages. If the actual number of payments of sick pay wages results in each individual payment of sick pay wages being allocated less than $47.50 per sick pay violation, Defendant shall be solely responsible for funding any shortfall so that each payment of sick pay is allocated no less than $47.50.

In distributing payments to aggrieved employees, Defendant will have the choice of either preparing and providing checks to Plaintiff's counsel for mailing to aggrieved employees or engaging a settlement administrator to distribute payments. Any costs of a

settlement administrator shall be paid by Defendant, separate and apart from the settlement amount.

Pursuant to Labor Code section 2699(l)(1), the Parties have also submitted this joint motion to the LWDA.

IT IS SO STIPULATED.

DATED: June 22, 2021                    DIVERSITY LAW GROUP, P.C.

By: */s/ Simon L. Yang*
    Larry W. Lee
    Simon L. Yang
    Attorneys for Plaintiff

DATED: June 22, 2021                    JACKSON LEWIS P.C.

By: */s/ Hardev S. Chhokar*
    Shannon B. Nakabayashi
    Hardev S. Chhokar
    Attorneys for Defendant

4848-8115-6079, v. 1

3

JOINT MOTION TO SETTLE PAGA ALLEGATIONS                    Case No. 3:20-cv-02381-GPC-DEB